JEREMIAH BENNINGTON, *vs.* SAMUEL DINSMORE, ADMINIS-TRATOR OF SAMUEL DINSMORE.—*December,* 1844.

Upon the single bill of *B.,* dated 20th July 1827, promising to pay the "*heirs, administrators or assigns, of the estate of D., deceased,*" an action was commenced by the administrators of *D.,* on the 8th February 1839. The writ was regularly renewed from term to term, until November term, 1839, when it was suggested, that the said letters of administration had been revoked and granted anew to *S.,* who sued out another writ, in his own name, to the next succeeding term; which being returned *non est,* and regularly renewed for several terms, he then procured an attachment. This was levied and returned. The defendant, now, gave special bail and appeared, and the last administrator declared against him on the single bill, specially stating the revocation of the first letters. HELD: That it was uncertain, upon the face of these instruments, to whom they were to be delivered, or in whose name a suit must be brought; that no action could be brought on them; and, that limitations were a bar to the action.

Where there are more writs than one, it must appear, that they are regular continuances of each other, to except the case from the act of limitations.

Writs issued in the name of *S.,* administrator of *D.,* cannot be regular continuances of writs issued by *G.,* administrator of *D.;* though the authority of the latter had been revoked.

APPEAL from *Harford* County Court.

This was an action of *debt,* brought on the 8th February 1839, by *Jane Dinsmore* and *Thomas H. Gillispie,* administrators of *Samuel Dinsmore,* late of *Harford* county, deceased, against *Jeremiah Bennington,* in a plea that he render unto

them the sum of $66.42, which he unjustly detains from them, &c.

Another writ, like the first, was sued out same term, and both were returnable to the 3d Monday of May 1839. These writs were returned *"non est,"* and were then ordered to be consolidated, and another writ for both the debts mentioned in the first writs, was sued out on the 17th June 1839, returnable the 3d Monday of November of that year. This was also returned *"non est."*

The record then recited that, whereas, since the issuing of the writ aforesaid, the letters of administration of the said *Jane Dinsmore* and *Thomas H. Gillispie* have, by the *Orphans* court of *Harford* county, been revoked, and letters of administration of all and singular, the goods and chattels, rights and credits which were of the said *Samuel Dinsmore,* late of *Harford* county, deceased, by the said *Orphans* court, were granted and committed to *Samuel Dinsmore,* as by the suggestion of the said *Samuel Dinsmore* has been stated. Therefore, you are hereby commanded to take the said *Jeremiah Bennington,* late of *Harford* county, yeoman, if, &c., and him, &c., so that you have his body before, &c., on the 3d Monday of May next, to answer unto *Samuel Dinsmore,* administrator of, &c., of *Samuel Dinsmore,* late of *Harford* county, deceased, in a plea that he render unto him the sum of, &c. Issued the 16th January 1840.

This writ was renewed on the 28th May 1840, again on the 2nd December 1840; again, on the 18th October 1841; and again, on the 14th May 1842, and all returned *non est.*

At May term 1842, the plaintiff filed a short note, showing his cause of action, a copy of which was made out and delivered to the sheriff of *Harford* county, aforesaid, thereon endorsed, to wit, "to be left at the house where the said *Jeremiah* did last reside." The sheriff to whom the said short note was, in form aforesaid delivered, returned the same: "The short note, of which this is a true copy, was left at the residence of *Jeremiah Bennington* on the 27th day of September 1842."

And thereupon the said plaintiff, to make proof of his action aforesaid, files in court here the copies of the writings obligatory, with an affidavit thereunto annexed, and which are as follows, to wit:

*Harford* county, *Md.*   We, or either of us, do promise to pay to the heirs, administrators or assigns, of the estate of *Samuel Dinsmore*, deceased, the just and full sum of $66.42, lawful money, for value received.   Witness our hands and seals, this twentieth day of July 1827.

    $66.44.                JEREMIAH BENNINGTON, (Seal.)
                           MARY BENNINGTON,      (Seal.)

Test,—*William C. Kirkwood, John A. Kirkwood.*
            Ture copy—test,        HENRY DORSEY, Cl'k.

*Harford* county, *Md.*   We, or either of us, do promise to pay to the heirs, administrators, or assigns of the estate of *Samuel Dinsmore*, deceased, the just and full sum of $66.42, lawful money, for value received.   Witness our hands and seals, this twentieth day of July 1827.

    $66.42.                JEREMIAH BENNINGTON, (Seal.)
                           MARY BENNINGTON,      (Seal.)

Test,—*William C. Kirkwood, John A. Kirkwood.*
            True copy—test,        HENRY DORSEY, Cl'k.

*Samuel Dinsmore*, adm'r of *Samuel Dinsmore*, deceased, *vs. Jeremiah Bennington.*   In *Harford* county court, May term, 1842.   8th *non. est.*

City of *Baltimore*, to wit:   Be it remembered, that on this 5th day of October, in the year 1842, before me, the subscriber, a justice of the peace of the State of *Maryland*, in and for the city aforesaid, personally appeared *Samuel Dinsmore*, administrator of *Samuel Dinsmore*, deceased, and plaintiff in the above action, and made oath on the Holy Evangely of Almighty God, that *Jeremiah Bennington*, the above named defendant, is justly and *bona fide* indebted to him, the said *Samuel*, as administrator of said *Samuel Dinsmore*, deceased, in the sum of $132.84, with legal interest thereon from the 20th day of July 1827, over and above all discounts.   And the said *Samuel*, administrator as aforesaid, at the same time

produced the office copies of the two bills obligatory, (the
originals whereof, are filed in the said county court, in the case
of the judgments heretofore rendered in said court, in favor of
the administrators of said *Dinsmore*, deceased, against *Mary
Bennington*, the co-obligor in said bills obligatory,) on and by
which the said *Jeremiah* is so indebted, which said copies of
the bills obligatory, are hereto annexed. In testimony where-
of, I do hereto subscribe my name the day and year first above
written. JOHN W. PEALE.

On this proof, the county court, on the 8th October 1842,
awarded an attachment against the said *Jeremiah Bennington*,
which, at November term 1842, was returned: "laid as per
schedule in defendant's possession, and defendant summoned;"
which schedule, mentioned in said return of said sheriff, is as
follows, to wit, &c.

The defendant then appeared, gave special bail, and the
court dissolved the attachment, and the plaintiff filed his de-
claration, setting forth the said single bills, according to their
tenor, and then alleged, that the said defendant then and there
delivered the said two writings obligatory to a certain *Jane
Dinsmore* and *Thomas H. Gillispie*, they then and there being
the administrators of the said *Samuel Dinsmore*, deceased, by
the *Orphans* court of *Harford* county, before that time duly
constituted and appointed. The said plaintiff further avers,
that after the making of the said two writings obligatory,
to wit, on the     day of     in the year eighteen hun-
dred and     the *Orphans* court aforesaid, did revoke
the letters of administration, so previously granted to the
said *Jane Dinsmore* and *Thomas H. Gillispie*, on the estate
of the said *Samuel*, deceased. And thereupon, letters of
administration upon the estate of the said *Samuel*, deceased,
were, by the *Orphans* court aforesaid, in due form of law
committed to the said plaintiff, who thereupon became enti-
tled to demand and receive from the said defendant the
said several sums of money mentioned in the said two
writings obligatory. Nevertheless, the said defendant, al-
though often requested, hath not yet paid the said two sums

of money, or either of them, or any part of either of them, either to the said former administrators of the said *Samuel,* deeased, or to the said plaintiff, administrator as aforesaid, nor has he paid the same or any part thereof, to any or either of the heirs or assigns of the said *Samuel,* deceased, but to pay the same or any part thereof, to either of the said parties above mentioned, the said defendant has hitherto wholly refused and still refuses, to pay the same to the said plaintiff, as administrator as aforesaid.    Whereupon, &c.

The parties then agreed to submit the cause aforesaid to the court here, upon the following statement of facts, to wit:

Stated case.    It is admitted, that in the year 1826, *Samuel Dinsmore,* the elder, died, and that *Jane Dinsmore* and *Thomas H. Gillispie* were appointed his administrators.    That while they were administrators, the defendant, on the 20th day of July, 1827, executed and delivered to the said *Jane* and *Thomas* the two bills obligatory, mentioned in the declaration. That on the 8th day of February 1839, the said *Jane* and *Thomas,* as administrators of said *Dinsmore,* sued out a· writ against said defendant on said bills obligatory, which was not served, but returned *"non est,"* and was renewed to the succeeding term, and again returned *non est.* That after the issuing of said writ, to wit, on the         day of         the letters of administration of the said *Jane* and *Thomas H.* were revoked, and administration of the estate of the said *Samuel,* deceased, granted to the plaintiff, who sued out a writ against defendant on the 16th of January, 1840, to the term immediately succeeding that to which the last mentioned writ had been so returned, which writ was regularly renewed.    That the writs referred to are in the case, and make part of this statement. That the said *Samuel,* deceased, had no children, and was born an alien.    That said plaintiff is a naturalized alien.

It is agreed that limitations are considered as if pleaded. And if, upon the aforegoing statement, the court shall be of opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff; but, if the court should be of opinion that plaintiff is not entitled to recover, then judgment

to be entered for defendant. Either party to have the right of appeal, and all errors in the pleadings waived.

The county court rendered judgment for the plaintiff, for his debts &c., and the defendant prosecuted this appeal.

The cause was argued before DORSEY, CHAMBERS and MAGRUDER, J.

By REVERDY JOHNSON for the appellant, and
By OTHO SCOTT for the appellee.

MAGRUDER, J., delivered the opinion of this court.

This cause was submitted to *Harford* county court, upon a case stated. By this it appears, that *Samuel Dinsmore*, the intestate, died in 1826, and that the plaintiff in error, with another, on the 29th July 1827, executed two several instruments of writing, and thereby promised to pay "to the heirs, administrators or assigns," of the estate of *Samuel Dinsmore*, deceased, the sums of money expressed in them. Upon those instruments, suits were brought, first, in the name of *Jane Dinsmore* and *Thomas H. Gillispie*, administrators of *Samuel Dinsmore*, and upon a revocation of their letters, and the grant of others to the present appellee, before the arrest of the appellant, the last administrator issued a writ in his name, as administrator.

It is contended, that no judgment could have been rendered in favor of the plaintiff below, although the suits had been continued, as well as brought in the names of the first, who administered upon the estate, because of the uncertainty by whom the money may be demanded. And indeed, it is difficult to determine, who can be said to be the obligee? One would suppose not the administrators, to the exclusion of the heirs, nor the latter, rather than the former.

We are told, in *Bacon's Abridgment*, (*Title,* "*Obligations,*") that an obligation of £200, to two, *solvendum*, the £100 to the one, and the other, to the other, is a void *solvendum*, and this because, although there may be several obligees, yet a person cannot be bound to several persons, severally. But in this case,

45   v.2

it appears that the obligor is not to be bound to both, but to one or to the other, and to which more than to the other, the instruments themselves, do not instruct us. How is it to be ascertained, to which of them the obligations are to be delivered? or is a delivery to each necessary, in order to the validity of the instruments?

It may be, as was suggested in the argument, that those instruments furnish evidence of an indebtedness either in the life time of the intestate, or for property, a part of his estate sold since his death. If so, the administrators have still their right of action, but that right of action must not be an instrument of writing, which the debtor is at liberty to discharge by paying the money to the heirs, persons who have no right to receive or to release debts due to the estate.

It must be admitted, that separate suits cannot be brought upon each of these instruments of writing; the one in the name of the heirs, and the other in the name of the administrators, and a judgment be obtained by each, for the same money. Yet, if one be authorized to bring suit, surely an action of debt may be brought by the other, and the pendency of the action by one, could not be pleaded in bar, to the action by the other. There is no "certainty to a certain intent in general," in this case, and if "the creditors of *Henry M. Chew*" could not maintain an action upon the order of the court, set forth in the case of *Boteler & Belt vs. State, use of Chew, &c.,* in 8 *Gill & Johnson* 360, it would seem to follow, that the objection arising from the uncertainty in this case, to whom the instruments of writing are to be delivered, and in whose name a suit must be brought, must prove equally fatal in this case.

But if a suit could be instituted in the name of the administrators of the intestate, still the plea of *non accrevit infra &c.,* of which it is agreed, that the defendant shall have the benefit, would defeat the action. "Where there are more writs than one, it must appear that they are regular continuances of each other, *Norris' Peake,* 425, and the writs issued in the name of *Samuel Dinsmore,* administrator of *Samuel Dinsmore,*

are not regular continuances of those sued out in the name of the original administrators.

**JUDGMENT REVERSED, WITH COSTS.**