LUCY A. SPEAR, BY R. G. CURTIS, GUARDIAN AND NEXT FRIEND,
v. THE TOWN OF BRAINTREE.

*Statute of Limitations.*

Plaintiff's guardian brought assumpsit in his own name as guardian, and the suit was defeated for that reason, without trial upon the merits. Plaintiff, by the same person as guardian, commenced a new action for the same cause, within one year after the termination of the former action. *Held,* that the Statute of Limitations was saved by the former action, under §17, ch. 63, of the Gen. Sts.

GENERAL ASSUMPSIT. Plea, the general issue, and Statute of Limitations. Trial by jury, June term, 1872, PECK, J., presiding, and verdict for the plaintiff. No replication to the plea of the statute was filed ; but by agreement of counsel, the facts stated

92

in the charge, were shown, and to have the same effect as if formally replied. Upon this point the charge was as follows:

This action was commenced April 14, 1871; that would carry it back to April 15, 1865. But there was another action brought in this case previous to this, and that writ issued Nov. 10, 1869. The suit was defeated by a defect in the writ, it being brought in the name of the wrong party—brought in the name of Mr. Curtis, as guardian, instead of in the name of Lucy A. Spear, by her guardian and next friend. This case, it seems, went to the supreme court, and they held that that was a defect in the writ, and the suit went out.—Now there is a statute that provides where a party brings one suit, and is driven out of court from some technical objection to the writ, so that the merits of the case are not really reached, and he brings another suit within a year after that suit is ended, he can go back to six years previous to the commencement of that first suit. Now that suit having been brought Nov. 10, 1869, the statute of limitations does not bar anything but such as accrued six years previous to Nov. 10, 1869. That is, it is the same as if this suit was brought when the first one was—as if the writ in this case was brought Nov. 10, 1869; and nothing is cut off by the Statute of Limitations, except what accrued more than six years before the commencement of the first suit.

The defendant excepted to the charge as to the effect of the former action upon the Statute of Limitations,—claiming, among other things, that the ground on which the former action failed, being a fault of the plaintiff, did not come within the exception of the statute.

*J. W. Rowell,* for the defendant.

The Gen. Sts. ch. 63, § 17, provides that after a suit has been determined as therein named, " the *plaintiff* may commence a new action, &c.; and if the cause of action shall by law survive, his executor or administrator, in case of his death, may commence such new action," &c. In order to bring a case within this statute, the plaintiff in the new action must be the *same person* who was plaintiff in the former action, or the executor or administrator of such person. The case at bar cannot be brought within the statute, without the intervention of *judicial legislation.* In Maryland, where the 21 Jas. I., c. 16, with its savings, is in

force, in an action commenced by A., as administrator of B., and continued from term to term, and afterwards the administration was revoked and granted to C., who commenced a new suit for the same cause of action, it was held that the latter could not be considered the same action as the former, and was barred. *Bennington* v. *Densmore*, 2 Gill, 348, cited in Angell Limit. 330, n. 1. See the Maryland statute of limitations, Ib., appendix, 72 ; and the 21 Jas. I., appendix 4, § 4.

In North Carolina, where the statute is worded substantially like ours, and like the 21 Jas I., it has been held that the plaintiff must be the same, but that the defendant may be different. *Williams* v. *Council*, 4 Jones, Law, 206, cited in Angell Limit. 334, note 2. See the North Carolina statute, Ib., appendix, 77, § 1.

Lord TENTERDEN says that " there is always danger in giving effect to what is called the equity of a statute, and it is much safer and better to rely on and abide by the plain words, although the legislature might possibly have provided for other cases had their attention been called to it." Mr. Justice BUTLER says : " We are bound to take an act of Parliament as they have made it ; a *casus omissus* can in no place be supplied by a court of law, for that would be to make laws." Smith Com. § 720.

The statute is, that " if, in any action *duly commenced* within the time in this chapter limited," &c. But here the former action was not *duly commenced*, within the meaning of the statute, for Curtis was the *wrong party* to bring the suit. He could no more sustain the suit in his own name, than though he had not been guardian of the present plaintiff. In *James et al.* v. *Briscoe et al.* 5 Eng. (Ark.) 184, stress was laid upon the fact that the former action was brought by *proper parties*.

·*P. Perrin* and *C. W. Clarke*, for the plaintiff.

The former suit went out on the judgment of the supreme court on plea.in abatement founded solely on matter of form. The suit was abated for matter of form. Being then clearly within the letter of the.statute—its obvious intent—we have no occasion to crave any equity under it, or in virtue of it, or any enlarged construction ; and the question attempted to be raised, that the

former suit failed through the fault or laches of the plaintiff, or that the failure was not without fault on her part, is immaterial. If the case falls within the express letter of the statute, the court has no power to attach conditions to its application. The cases, *Phelps* v. *Wood*, 9 Vt. 399, *and Spear* v. *Curtis*, 40 Vt. 59, were not claimed to be within any express provision of the statute. The suits were discontinued because the magistrate failed to appear with the writ, at the time and place of return. But the court held the statute to apply, because the cases came within the equity of the provision, although not within the letter; and for that reason, stress seems to be laid on the fact that the failure of the former suit was without the fault of the plaintiff.

The opinion of the court was delivered by.

BARRETT, J. The guardian brought a suit in 1869, against the defendant, in his own name as guardian of Spear, instead of the name of Spear by himself as guardian. The statute, ch. 72, § 28, enacts that a guardian " shall have power to receive, sue for, and recover, in the name and right of his ward, all debts," &c. So it is apparent that in that suit, he did not sue in the *name*, though it is equally apparent from the face of the writ that he sued in the *right*, of the ward. On objection taken, it was held that that suit could not be maintained, because it was not brought in compliance with the provision of the statute in respect to the *name*. The present suit was brought by the same guardian, in the same right, to recover for the same cause, as in the former suit. The only question is, whether the former suit went out by way of abatement, or was otherwise defeated, or avoided, for any matter of form, so as to avoid the effect of the Statute of Limitations upon the present suit. It seems difficult to be shown that it was for matter of substance. We are referred to the charge, as showing the facts. In that it is stated, that " the suit was defeated by a defect in the writ—it being brought in the name of the wrong party—brought in the name of Mr. Curtis as guardian, instead of in the name of Lucy A. Spear by her guardian and next friend. This case, it seems, went to the supreme court, and they held it was a defect in the writ, and the suit went out." As we have no

other showing as to the going out of that suit, we assume that it was upon some plea or motion that asserted, for cause, this failure to comply with the letter of the statute. It was asserting a right *strictissimi juris*, while it seems obvious that mere delay, or an experiment with the Statute of Limitations, could have been the only object of interposing the objection. We have no doubt that, had that case proceeded to judgment on its merits, it would have been a conclusive adjudication of the subject-matter as to the liability of the town, and would have ended all right of further action on the claim. This would seem to test and determine whether the defect was one of form or substance; for the judgment rendered in that suit, is not invoked in this as *precludiny* the right to maintain this. The defence here is the Statute of Limitations. The case seems to us to fall within the express terms of the statute, without extension of operation in view of existing equities, as was the case in *Phelps* v. *Wood*, 9 Vt. 399, and *Spear* v. *Curtis*, 40 Vt. 59.

The ground and argument that this case is excluded from the *salvo* of the statute, because the defect in the former writ shows that it was not " *duly commenced*," carry verbal criticism beyond practical tolerance. In the line and sense of that criticism, any action that should result in defeating a judgment for the plaintiff, for any of the causes, or by any of the means named in the 17th section, except the death of the party, would show that the action was not duly commenced. The cases cited by the defendant's counsel, do not come to the point on which this case hinges. In *Bennington* v. *Densmore*, 2 Gill, 348, it would seem that by the law of Maryland, if a writ is sued out before the statute has run, the statute would not prevail to bar a recovery, for the same cause of action under subsequent writs, provided they are successive continuances of each other. In that case, a writ had been sued out by an administrator before the statute had run. He was discharged, and another administrator caused a writ to be issued in his own name as administrator, for the same cause, after the statute had run. It was held that the writ issued in his name, was not in regular continuance of the writs issued in the name of the original administrator, and so did not save the cause from the

operation of the statute. This bears no analogy to the case in hand. The case of *Williams* v. *Council*, 4 Jones, Law, 206, holds that in ejectment, the second suit, in order to prevail against the statute, must be upon the same title, by the same real plaintiff. Our case answers to that. The *real* plaintiff is the same in both suits. The only defect in the first suit, was in the *form* of expression. The form in which the plaintiff party was named in the first suit, as plainly and fully signified that the suit was brought by the guardian in the right of the ward, as the form in the last suit expresses the same thing. They show that the real plaintiff is the same in both cases. There is no occasion to pursue the matter further in this line.

No point is made in the argument upon the point in the exceptions, namely, " that the ground on which the former action failed, being the fault of the plaintiff, does not come within the exceptions of the Gen. Sts." ; nor on any other point, save that already discussed in this opinion.

Judgment affirmed.