LEVI PREMO *v.* HARRISON LEE.

*Statute of Limitations.    Pleading.    Assingee in Bankruptcy.*

1.  The plaintiff's assignee in bankruptcy commenced an action in his own name, to enforce this claim and failed, because it was brought in the name of the wrong party, the present plaintiff then and now being the owner, having purchased it of the assignee.  *Held,* that the failure was "for matter of form" within section 973, R. L., whereby a claim is saved from the operation of the Statute of Limitations; and that this claim was not barred, the second action having been commenced within one year from the determination of the original action.
2.  R. L., s. 973, Statute of Limitations, when suit fails "for matter of form."

ASSUMPSIT.   Plea, Statute of Limitations.   Appeal from the Municipal Court of Rutland, March, 1883.   Judgment for the defendant.

It was agreed that the plaintiff was duly adjudged a bankrupt in 1877, by the U. S. District Court; that Amos C. Bates was appointed assignee; that the demands now sued for passed to and vested in said Bates, as assignee; that said Bates under order of court sold said accounts at public auction back to said plaintiff; that, subsequently, said Bates was, in 1878, discharged as assignee, having settled his account; that in May, 1881, the said plaintiff, after the said purchase of the accounts, in good faith commenced a suit thereon against the defendant in the name of said Bates, as such assignee, believing such suit to be properly brought; that the suit was prosecuted to the Supreme Court, and failed, because it was brought in the name of said Bates, as assignee; that said suit was decided by the Supreme Court, January Term, 1883, and this action was commenced February 3d, 1883; that the last payment was made on the account in July, 1875; and that the plaintiff was entitled to recover unless the Statute of Limitations was a bar.

Premo *v.* Lee.

*G. E. Lawrence*, for the plaintiff.

The suit brought in the name of A. C. Bates as assignee failed for want of form; and, hence, the demand is not barred by the statute. *Spear* v. *Braintree*, 47 Vt. 729; *Spear* v. *Newell*, 13 Vt. 288; *Spear* v. *Curtis*, 40 Vt. 59; *Phelps* v. *Wood*, 9 Vt. 333; 16 Pick. 383.

*Joel C. Baker* and *C. L. Howe*, for the defendant.

The first action was defeated because the plaintiff therein had no right to call upon the defendant for payment; and the plaintiff in this suit might just as well have brought his action in the name of any other person, who had no right, as in the name of Mr. Bates. *Udall* v. *School District*, 48 Vt. 588.

This case is clearly distinguishable from *Spear* v. *Braintree*, 47 Vt. 729.

The opinion of the court was delivered by

Ross, J. The decision of this case is controlled by *Spear* v. *Braintree*, 47 Vt. 729. It was there held that the failure of a former suit, because prosecuted in the name of the wrong person as plaintiff, brought to recover the same claim sought to be recovered in a later suit by the proper person as plaintiff, was a failure "for matter of form," within sec. 973, R. L.; and if the latter suit was commenced within one year after the determination of the former suit, for the purposes of saving the claim from the operation of the Statute of Limitations, it was to be treated as commenced at the date of the commencement of the former suit. The test there applied was, whether if a judgment had been rendered in the first case on its merits, it would have been a good bar to the second suit in the name of the new plaintiff. On this test, there is no doubt but if a judgment in the suit in the name of Bates, assignee in bankruptcy, had been recovered against the defendant for the claim now in suit, that judgment would have adjudicated and determined the right of the plaintiff to prosecute this suit. The former suit, though in the name of the assignee, was brought and prosecuted for the benefit of the

plaintiff, who was then as now the owner of the claim against the defendant. This holding in regard to the law is conclusive that the cause of action is not barred by the Statute of Limitations. The judgment of the Municipal Court is reversed and judgment rendered for the plaintiff, for the sum found due with interest and costs.