## GOFF AND ANGUS *v.* GEO. S. AND LUCY C. ROBINSON, ADM'RS OF THE ESTATE OF LUCIUS ROBINSON.

*Executor and Administrators. Jurisdiction. Statute of Limitations.* R. L. ss. 973, 2125.

1. The jurisdiction of the Probate Court is exclusive in regard to all claims of an absolute or legal nature, when it has been once invoked for the settlement of an estate, and commissioners have been appointed thereon; thus, when a claim had been presented to commissioners by one of two joint contractors and there was an appeal, and it was ultimately decided that the suit could not be maintained on the ground of non-joinder of parties; *Held,* that the County Court had no jurisdiction of the same cause of action brought directly to that court against the administrators and after the commission on the estate had been closed.

2. Section 973, Rev. Laws, which provides that when a writ fails for matter of form, etc., the plaintiff may commence a new action for the same cause within one year, has no application to the subject of jurisdiction, but is simply a modification of the Statute of Limitations.

3. The court has no authority to allow an amendment to pleadings when it has no jurisdiction of the cause of action.

ASSUMPSIT commenced, returnable, and entered at the February Term, 1888, of the Orleans County Court. Motion to amend the declaration. While the motion was pending the defendants filed a plea to the jurisdiction of the County Court. The court adjudged, as a matter of discretion, that it had no right to allow the plaintiffs to amend their declaration, and solely as a matter of law denied the motion to amend. Thereupon the plaintiffs, by special leave of the court, filed a replication to the plea, and the defendants demurred to the replication. The court sustained the demurrer, adjudged the replication insufficient, and rendered judgment that the suit abate for want of jurisdiction of the court. The facts as to the cause of action are sufficiently stated in the opinion of the

court and in *Angus* v. *Robinson*, 59 Vt. 585. The plaintiffs' replication to the defendants' plea was as follows :

" And now come the plaintiffs, Goff and Angus, in the above entitled suit and as to the plea to the jurisdiction of this court by the defendants above pleaded say : That this court ought not to be ousted of their jurisdiction in this cause, because the plaintiffs say that commissioners were appointed on the estate of said Lucius Robinson, deceased, to receive, examine and adjust the demands and claims of all persons against said estate, as alleged in said plea, and that more than two years and six months from the date of the appointment of said commissioners had elapsed at the commencement of this suit ; and the plaintiffs aver that within the time limited for the presentation of claims and demands against said estate to said commissioners for examination and allowance the said plaintiff, William Angus, then and now the sole owner of the claim and cause of action and damages set forth in the plaintiffs' said declaration, and sought to be recovered in this action, presented in his own name to said commissioners for allowance the identical claim and cause of action against said deceased and his estate above set forth and declared upon it in the plaintiffs' said declaration, which declaration is referred to and made a part of this replication ; and the plaintiffs aver that such proceedings were had before said commissioners that the said claim and cause of action so presented to them by said plaintiff Angus was disallowed by said commissioners, and their report disallowing the same was duly returned to said Probate Court, and within twenty days after the return of said report of said commissioners the said plaintiff, Angus, took his appeal from the decision and judgment of said commissioners disallowing said claim to the then next stated term of the Orleans County Court in due form of law, and filed his declaration in said Probate Court, and declared in said declaration on and for the identical claim and cause of action above set forth in the plaintiffs' said declaration in this suit ; and said appeal was duly allowed by said Probate Court, and the same was duly entered in the said Orleans County Court at the then next stated session thereof ; to wit, the session thereof begun and holden on the first Wednesday next after the first Tuesday of September, A. D. 1883, and such proceedings were had in said appealed cause in said County Court ; that the same were continued from term to term until

the session thereof begun and holden on; to wit, the first Wednesday next after the first Tuesday of September, A. D. 1884, at which last term the defendants demur to the declaration of the said plaintiff Angus in said appealed cause for the non-joinder of said plaintiff, Edward H. Goff, as co-plaintiff in said appealed cause, and upon joinder in demurrer said County Court sustained said demurrer, and adjudged said declaration in said appeal cause insufficient by reason of the non-joinder of said Edward H. Goff as co-plaintiff as aforesaid, and thereupon said Angus alleged exceptions to said judgment, and said exceptions were allowed by said County Court, and said appealed cause was thereupon duly passed to the next stated session of the Orleans County Supreme Court, to be holden on the fourth Tuesday of May, A. D. 1885, and at said session of said Supreme Court said cause was duly entered therein, and such proceedings were had therein that said cause was continued to the session of said Supreme Court, begun and holden on the fourth Tuesday of May, A. D. 1886, and at the last named Term of said Supreme Court said cause was heard, and the judgment of the said County Court on said demurrer was affirmed, and said cause was thereupon remanded to said County Court, and was duly entered in said County Court, and such proceedings were had in said County Court that said cause was continued from term to term of said County Court until the session thereof begun and holden on the first Wednesday next after the first Tuesday of September, A. D. 1887, at which last named term said cause was discontinued by said plaintiff, Angus, solely by reason of the non-joinder of the said plaintiff, Edward H. Goff, as co-plaintiff in said appealed cause, and the aforesaid judgment of said Supreme Court in the premises as aforesaid; and the plaintiffs aver that the power and authority of said commissioners to receive, examine and adjust the claim and cause of action set forth in the plaintiffs' said declaration had expired and ceased by operation of law long before the session of said County Court last aforesaid, and long before the commencement of this suit; and that at the commencement of this suit said commissioners and said Probate Court had no jurisdiction, and now have no power or jurisdiction to examine, adjust and allow the claim and cause of action above set forth in said plaintiffs' said declaration, or in any manner to pass upon the same; and these plaintiffs aver that said original action for the identical claim and cause of action set forth in the plaintiffs' declaration

commenced and prosecuted by the plaintiff, William Angus, in his own name, as aforesaid, was defeated solely for matter of form ; to wit, for the non-joinder of the plaintiff, Edward H. Goff, as co-plaintiff with said plaintiff Angus in said original suit, and this suit is commenced within one year after the determination of said original suit, according to the statute in such case made and provided ; and the plaintiffs aver that the said cause of action is within the jurisdiction of this honorable court, and not within the jurisdiction of said commissioners and said Probate Court.

" And the plaintiffs aver that the defendants have never rendered and settled their account as administrators as aforesaid, in said Probate Court, and that the estate of the said Lucius Robinson, deceased, has never been distributed by said Probate Court or by said defendants as administrators as aforesaid, and that there still remains in the hands of the said defendants, as administrators as aforesaid, assets of said estate sufficient to pay all claims, debts and demands against said deceased and his estate, all of which these plaintiffs are ready to verify ; wherefore they pray judgment if the said defendants ought to be admitted or received to their said plea to the jurisdiction of this court in this cause, and that said defendants may answer over to said declaration and suit and for plaintiffs' costs."

*Crane & Alfred*, for the plaintiffs.

The court below had the discretionary power to allow the amendment to plaintiffs' declaration embodied in their motion to amend filed before the filing of the plea to the jurisdiction.

The writ and declaration disclose a case within the general jurisdiction of the County Court. The proposed amendment did not change the form or cause of action, or the parties to the suit. R. L. s. 907 ; *Austin* v. *Dills*, 1 Tyler, 312 ; *Winn* v. *Averill*, 24 Vt. 285 ; *Dana* v. *McClure*, 39 Vt. 197 ; *Lewis & Co.* v. *Locke*, 41 Vt. 11 ; *Kimball* v. *Ladd*, 42 Vt. 747 ; *Bates* v. *Cilley*, 47 Vt. 7 ; *Stanton* v. *Proprietors of Haverhill Bridge*, 47 Vt. 172 ; *Hosford* v. *Railroad*, 47 Vt. 533 ; *Myers* v. *Lyon*, 51 Vt. 274 ; *Bachop* v. *Hill*, 54 Vt. 508.

The County Court had jurisdiction. The plaintiffs had a right to maintain their action by virtue of section 973, R. L.

The Probate Court probably in the first instance had jurisdiction. R. L. ss. 2125, 2130.

Commissioners could not receive and allow claims after two years from the date of their appointment. R. L. s. 2121. A creditor could apply to the Probate Court within six months afterwards, but not later.

The court could renew the commission and allow a further time, not exceeding three months. R. L. s. 2122. The jurisdiction of the Probate Court was extinguished. The identical claim declared on in this action was presented to the commissioners within the time limited, but in the name of Angus alone, and the suit finally failed on the ground of non-joinder of the plaintiff Goff as a co-plaintiff. This suit was brought within one year from the time said suit was terminated.

Unless this case falls within the provisions of sections 973 of Revised Laws, plaintiffs are absolutely without legal remedy at law, and they have been defeated and debarred of all right of recovery, not by an adjudication upon the merits of their cause, but by a mere legal technicality, which miscarriage of justice, this statute was intended to prevent. The case certainly falls within the spirit of the statute, which is remedial and is to have a liberal construction. The provisions of said section are not limited to suits at law or in equity, to suits commenced in the County Court, or before commissioners appointed by the Probate Court, but they are general in their scope and apply to all actions wherever and however commenced.

By the provisions of sections 2129, 2142, 2143, 2144, 2145 and 2155 of Revised Laws, it is apparent that it was not intended to suspend the original jurisdiction of the County Court in matters against the estates of deceased persons, except during the time when the Probate Court furnished a tribunal for such claims. By the express provisions of the statute, when commissioners are not appointed, the original jurisdiction of the County Court remains; and it would also seem to follow that when the tribunal afforded by the commis-

sioners has ceased to exist by operation of law, and a party still has a legal demand against the estate of the deceased, the original jurisdiction of the County Court, suspended during the existence of the tribunal afforded by commissioners, again becomes operative, and its jurisdiction is then the same as it would have been had commissioners never been appointed.

Section 2155 of Revised Laws permits a suit against administrators for claims against deceased persons when the appointment of commissioners is omitted.

The probate law does not destroy the general jurisdiction of the County Court, but simply suspends it during the life of the probate commissioners' court for each estate.

If County Court has jurisdiction there can be no question but what the case at bar is within the saving provisions of section 973 of Revised Laws, and can be maintained. *Phelps* v. *Wood*, 9 Vt. 403 ; *Spear* v. *Newell*, 13 Vt. 289 ; *Spear* v. *Curtis*, 40 Vt. 59 ; *Spear* v. *Braintree*, 47 Vt. 729 ; *Premo* v. *Lee*, 56 Vt. 60. It would seem that *Spear* v. *Braintree*, and *Premo* v. *Lee*, *supra*, are conclusive on this question.

*Dickerman & Young* and *Edwards & Burke*, for the defendants.

The County Court had no jurisdiction of the subject matter of the suit. The exclusive original jurisdiction of the settlement of estates of deceased persons is placed by statute in the Probate Court. R. L. ss. 2018, 2115.

Chapter 109 (being secs. 2132 to 2156) provides when "suits for and against estates" may be maintained ; but sec. 2154 provides that " nothing in this chapter shall authorize a claimant to commence or prosecute a suit against an executor or administrator where commissioners are appointed on the estate, nor where a time is allowed by order of the Probate Court for such executor or administrator to pay the debts against the deceased, and no such suit shall be commenced or prosecuted except as provided by law for that purpose."

The only provision which we have discovered in the statute

for *commencing or prosecuting* a suit against an executor or
administrator, for the recovery of a debt due from the deceased,
before the amount of such indebtedness has been determined
by proceedings in the Probate Court, and an order has been
made in that court for the payment of that debt or a dividend
thereon, is in section 2155.

This section in no way authorized the present suit.

The exclusive original jurisdiction of the Probate Court and
commissioners to try and decide upon claims, alleged to be
due from deceased persons, in cases where commissioners
have been appointed, has been repeatedly discussed before
this court and invariably affirmed. *Atherton* v. *Flagg &
Parker*, 2 D. Chipman, 66; *McCullen* v. *Hinckley*, 9 Vt.
143; REDFIELD, J., in *Burgess* v. *Gates*, 20 Vt. 326; *Probate Court* v. *Van Duzer*, 13 Vt. 135; WILLIAMS, Ch. J., in
*Warner* v. *Crane*, 16 Vt. 79.

In *Bank of Orange County* v. *Kidder*, 20 Vt. 519, REDFIELD, J., says: "This case raises the question, how far the
settlement of estates under the revised statutes is the same
with the settlement of estates represented insolvent under the
former statutes, in regard to the liability of administrators.
Under the old statutes the case of *Probate Court* v. *Van
Duzer*, 13 Vt. 135, fully establishes the principle that executors or administrators are not liable in their persons or property until after a final decree in the Probate Court fixing such
liability and the extent of it."

"The entire jurisdiction of settlement of estates" is given
to Probate Courts. *Adams* v. *Adams*, 22 Vt. 50; *Probate
Court* v. *Slason*, 23 Vt. 306; *Boyden* v. *Ward*, 38 Vt. 632.
The true reason for this is, that it cannot be known how much
a creditor is entitled to recover until the estate is settled.
POLAND, Ch. J., in *Probate Court* v. *Chapin*, 31 Vt. 373;
*Probate Court* v. *Kimball*, 42 Vt. 323; *Ewing* v. *Griswold*,
43 Vt. 400; *Soule* v. *Benton & Wilson*, 44 Vt. 309; *Probate
Court* v. *Kent*, 49 Vt. 380–388.

In *Powers* v. *Powers' Estate*, 57 Vt. 49–52, POWERS, J.,

says : " By section 213, R. L., all pending suits at the time commissioners are appointed *shall be discontinued.* After such appointment no actions can be continued against the estate except for the recovery of real estate.   16 Vt. 82." See *Probate Court* v. *Gale*, 47 Vt. 473–7.

The County Court has only appellate jurisdiction.   R. L. s. 2268.   *Boyden* v. *Ward, supra; Holmes* v. *Holmes,* 26 Vt. 536 ; *Adams* v. *Adams*, 21 Vt. 164.

The plaintiffs cannot maintain their suit by virtue of section 973, R. L.   (1) The former suit was not defeated " for matter of form."   (2) This suit is not in favor of the same plaintiff.   (3) It is not against the same defendants.   (4) That section does not authorize the second suit to be commenced in a court which had no jurisdiction of the subject-matter when the first suit was commenced.   *Angus* v. *Robinson's Estate*, 59 Vt. 585 ; *Spear* v. *Braintree*, 47 Vt. 729 ; *Premo* v. *Lee*, 56 Vt. 60, do not support the theory of the plaintiffs.   *Howe* v. *Waltham*, 18 Mass. 451 ; *Walker*, 11 Mass. 140 ; *Gray* v. *Parker*, 16 Vt. 652.   Again, the defendants are sued as individuals, and would be liable in their own estates.   Cases, *supra; Barnes* v. *Hall; Probate Court* v. *Saxton*, 17 Vt. 621.

The opinion of the court was delivered by

Ross, J.   The plaintiff Angus presented the claim involved in this suit to the commissioners on the estate of Lucius Robinson, who disallowed the claim.   He appealed to the County Court, filed his declaration thereon, and such proceedings were had that the case passed to the Supreme Court, where it was decided that he could not maintain the action in his name alone, but that the claim, if any, must be prosecuted in the name of Goff & Angus.   In the meantime the proceedings before the commissioners were closed, and the time had elapsed in which the Probate Court had power to renew the commission.   Then this suit was brought directly to the County Court, and the contention presented by the pleadings

Goff *v.* Robinson.

is whether this suit can be maintained. The counsel for the plaintiffs concede that the claim is barred against the estate in the Probate Court, and that that court has no power to afford them relief; but contend,

I. That the County Court had jurisdiction of this claim, if no proceedings had been taken in the Probate Court on the estate of Lucius Robinson, and that this jurisdiction was only suspended while the Probate Court furnished a tribunal for the examination and allowance of the claim, or while it could legally keep the commission open. This contention cannot be sustained. It is doubtful if the County Court would have had jurisdiction of this claim if commissioners had never been appointed. R. L. s. 2155; *Boyden* v. *Adm'r of Ward*, 38 Vt. 628. But if in that case the County Court would have had jurisdiction of the claim, it had none when commissioners were once appointed. The whole trend of the provisions of the statute respecting the settlement of estates, which under the present law are represented and proceeded with as insolvent, and of the decisions of this court construing and applying them (see defendants' brief), is against the contention; and to the effect that when the jurisdiction of the Probate Court has been once invoked for the settlement of an estate, and commissioners have been appointed, it is absolute and exclusive in regard to all claims of an absolute or legal nature. The Court of Chancery only aids the Probate Court in regard to strictly equitable claims. From the nature of the business to be accomplished the Probate Court must have exclusive original jurisdiction. It is charged with gathering and reducing to money—so far as necessary—all the property of the estate; with determining, either in its own or in appellate tribunals, which must report their final determinations to it, all the absolute legal claims against the estate; and with appropriating the assets, first, to the payment in full, or *pro rata*, of all the established claims against the estate, and if there remain a surplus, with its distribution among those legally entitled thereto. For the accomplishment of these

41

very necessary purposes, the original jurisdiction of the Probate Court, when once invoked, must be exclusive. Otherwise, interminable confusion and uncertainty would attend the settlement of estates. It is suggested that the fact that the estate was not closed in the Probate Court when this suit was commenced should aid in giving the County Court original jurisdiction.

But that fact can have no legitimate influence in the decision of the question of jurisdiction. This suit is not against the estate, as was the prosecution of the claim in the Probate Court, but against the defendants personally. Attaching to their names the word administrators is only descriptive of their persons. If determined against them, the execution would run against their property, and not that of the estate. There is no law requiring the judgment to be certified to the Probate Court, and that court might never have official knowledge of it. The administrators might be powerless to obtain any relief in the Probate Court. The payment which they might be legally compelled to make would not be a claim proved in the Probate Court entitled to participate in the distribution of the assets of the estate. If when the suit is commenced in the County Court the estate should be undistributed, it might not remain so when final judgment is rendered. The County Court has no power to stay proceedings in the Probate Court. While the suit was pending against them personally in the County Court, they might be discharged from administering, by the Probate Court, or decease, and they or their estates be cumbered and burdened with the judgment of the County Court, with no certain means of relief in the Probate Court. The judgment being against them personally could be collected in full, whatever the inability of the estate to pay in full. The County Court would have no power to order a *pro rata* payment of its judgment, nor to enforce payment from the assets of the estate at all. Neither would the Probate Court have power to allow or order a *pro rata* payment even of a claim established by the judg-

ment of the County Court, which had become barred by failure to present it to the commissioners for allowance. The decisions of this court establishing that the jurisdiction of the Probate Court, when once legally invoked, is exclusive on all claims of this nature, and that the only jurisdiction left to the County Court is appellate, can be found cited in the defendants' brief.

II. It is further contended that the County Court has jurisdiction by section 973, R. L. That section has no application to the subject of jurisdiction. It is simply a modifier of the Statute of Limitations. It gives a plaintiff who has seasonably commenced an action against a party which has failed, among other things, "for matter of form," a year after such failure in which to commence a new action for the same cause of action. *Spear* v. *Braintree*, 47 Vt. 729, and *Premo* v. *Lee*, 56 Vt. 60, give countenance to the contention that the prosecution of the cause of action in the probate and appellate courts in the name of Angus, rather than of Goff & Angus, was a matter of form rather than of substance. The section was not intended to, and does not, apply to the effect of changing the jurisdiction in which the new action may be brought and prosecuted. It only gives further time, under the circumstances specified, in which to bring another better perfected action in the proper jurisdiction. The difficulty lies in the fact that the new action is brought in the County Court, which has no jurisdiction of the action, inasmuch as under the circumstances the jurisdiction of the Probate Court is exclusive. By the failure of these plaintiffs to present the claim, and obtain its allowance by the commissioners, or by the appellate tribunals, they are barred from recovering the demand, or from pleading it in offset in any action. R. L. s. 2125. The County Court correctly dismissed the action for want of jurisdiction. Having no jurisdiction of the cause of action, it had no right to allow an amendment, or take any action in the case, except to dismiss it.

That judgment is affirmed.