## WILLIAM McCARTHY *vs.* MORRIS ROSENBERG.

### March 2, 1905.

*Admiralty.—Jurisdiction.—Test of Locality:* The test of jurisdiction in admiralty is a test of locality whether the matter in issue is a contract or tort.

*Same:* A tort taking place on land is not within the admiralty jurisdiction, even though it may have relation to a contract within such jurisdiction.

*Practice.—Amendments.—Want of Jurisdiction:* Exceptions to the

libel for want of jurisdiction, being allowed, the court is without authority to allow amendments to the pleadings.

*Same.—Want of Jurisdiction.—Costs:*   In such a case the libel being dismissed for want of jurisdiction, costs may not be awarded against the losing party.

In Admiralty:   Exceptions to Libed *in Personam.*

George A. Davis, Proctor for Libellant.
A. S. Humphreys, Proctor for Libellee.

DOLE, J.   This is a libel in personam alleging that the libellant, being a shipping master, engaged a number of seamen to ship on the bark "Erskine M. Phelps" for a voyage from Honolulu to the port of Philadelphia, in the United States, and that the libellee, also a shipping master, maliciously prevented such seamen, who had signed articles for services on the said bark, from going on board to perform their engagement with said vessel, but secreted them so that the vessel was compelled to leave the port of Honolulu without taking them on board, and in consequence thereof, the libellant lost certain advances to the said seamen and accounts which were secured by promissory notes made by the master thereof, which notes, by reason of the failure of the said seamen to go on board the "Phelps" according to their agreement, caused by the unlawful action of the libellee, became worthless; and prays damages in the sum of three hundred dollars.

The libellee, by his counsel, filed exceptions to the libel, contending that the libel does not state a cause of action within the jurisdiction of this court as a court of admiralty.

The case of *The People v. The Steamer America,* 34 Cal. 676, cited by counsel for the libellant, is a libel based on contract. The court said:

"A cause of action to be cognizable in admiralty whether arising out of contract, claim, service or obligation or liability of any kind, must relate to the business of commerce and navigation."

The liability of a ship for the claim of one hiring seamen for

a voyage of such vessel and for the advance of wages to them is recognized in American cases. Whether the existence of such an engagement between the libellant and the ship in this case, conveys to a tort done by the libellee, whereby he interfered with the carrying out of such engagement, which interference was performed entirely on land, the quality of a liability which relates to the business of commerce and navigation in the sense of those words used by the above case, is very doubtful in my mind. So far as the statements of the libel go, the facts alleged occurred entirely on land and the question arises whether a tort taking place entirely on land is within the admiralty jurisdiction. American decisions on this point are unanimous that the test of jurisdiction in admiralty is a test of locality, whether the matter in issue is a contract or a tort. The case of *Steele v. Thacher,* 22 Fed. Cas. 1204 (No. 13,348), cited by libellant on this point, goes no farther than to decide that, "if a tort be committed partly on land and partly on the high "seas, if it be one continued act, the admiralty has jurisdiction." This decision on this point was affirmed in the case of *Plummer v. Webb,* 19 Fed. Cas. 891 (No. 11,233).

On the direct question, the court in *The Arkansas,* 17 Fed. Rep. 383, 387, says:

"Let us now consider the question of jurisdiction with respect to the collision of boats and vessels with structures upon land, whether along the banks and shores of the river, or in towns and cities situated upon it. Does the admiralty jurisdiction extend to such torts? I am quite clear that it does not. The reason is obvious. Such torts are not marine. They are committed upon land; not upon or within the navigable waters of the river. The test of admiralty jurisdiction over torts is locality, and locality is against the admiralty jurisdiction where the tort is committed upon land. I know of no case in all the books, and the industry of counsel seems to have found none, in which it has been held that the court of admiralty has jurisdiction of any tort committed or *consummated* upon land.

There is, of course, a remedy for such torts, but the remedy is in the common-law courts."

This is supported by the following, from *Bain v. Sandusky Transportation Co.*, 60 Fed. Rep. 912, 913-14:

"Jurisdiction over torts, in admiralty, is clearly limited to maritime torts, of which the test is locality; and the tort must be committed on the water, and not on land. The Plymouth, 3 Wall. 29; Leathers v. Blessing, 105 U. S. 626; Thomas v. Lane, 2 Sumn. 1, Fed. Cas. No. 13,902; The Mary Stewart, 10 Fed. 137; The C. Accame, 20 Fed. 642; Milwaukee v. The Curtis, 37 Fed. 705."

I have examined all the authorities cited by counsel for libellant, which were available, and have found no case among them which supports his contention as to the jurisdiction of this court over the case at bar, but many of them support, or are consistent with, the test of locality above adopted.

The exceptions are therefore allowed.

March 13th, 1905. Upon announcing a decision in the above case sustaining the exceptions to the libel, libellant's counsel moved for leave to amend. The court found that it was without jurisdiction as to the subject-matter. This being the case, there is nothing before the court to amend as it is without jurisdiction in the case.

"A court without jurisdiction has no authority to allow an amendment to pleadings in the suit." *1 Encl. Pl. & Pr. 511*; *Goff v. Robinson*, 60 Vt. 633, 643; *Dinsmore v. Auburn*, 26 N. H. 356, 359, and cases cited. These cases refer to want of jurisdiction as to the subject-matter. I understand that where there is no jurisdiction as to the person, amendments are sometimes allowed.

The motion is therefore overruled.

It also follows in such cases, under the practice of the federal courts, that costs are not awarded against the losing party. In the case of *Agnew v. Dorman*, 1 Fed. Cas. 211 (No. 100), in admiralty on appeal from a district court, the appeal was dismissed by Mr. Justice Taney, who said that,

"In all cases in the Supreme Court where the appeal was dismissed for want of jurisdiction, the court gave no costs, and as that was the rule in the Supreme Court, it was proper that the Circuit Court should adopt the same rule in analagous cases."

See also, *Pentlarge v. Kirby*, 20 Fed. Rep. 898.

The libel is therefore dismissed for want of jurisdiction, without costs.